Adam Clark are the next next attorneys ready? Yes, sir. They are Now Pin them up. Yeah, there we go In the tail Next case is number 19-3010 KC versus Mark Mayo et al Mr. Bauer you you represent the plaintiffs and the appellant. Yes, sir, your honor We're ready if you are Yes, sir, your honor May it please the court. We are here today asking the court to reverse a grant of summary judgment Against my client who was harassed and repeatedly molested between her eighth grade year of junior high school in her sophomore year By a teacher and coach in the Marshfield school district the trial court granted summary judgment on Multiple plaintiff's claims. We are only appealing plaintiff's 1983 claims against the individual defendants and plaintiff's title 9 claim against the district Respectfully in making the decision The trial court was all factual disputes regarding some of the evidence And I'm sorry, yeah, we're having an audio problem with yours Is that better Getting music in the background. So I am that's certainly not coming from our office your honor Going Back your honor respectfully the trial court resolved certain factual issues which were in dispute also interpreted inferences and context of evidence in a manner Favorable not to my client but in favorable to the defendants It's uncontested in this case that the district and the individual defendants were aware a year before the teacher was arrested and subsequently convicted for molesting my client Casey That miss Fizel had attempted to abduct or abscond with Casey from a young girl's sleep over in 2013 It is uncontested. That was after multiple issues. The defendants were aware about Starting with love notes to the child in the eighth grade No contact prohibitions with her which were promptly violated and other reports Specific between this 40-something year old teacher and this 13 year old and then later 14 year old girl Those things were uncontested the issues that the trial court resolved had to do with The attempt to abduct her and what Fizel intended to do and what the defendants knew about that Years later in their deposition the defendants claim they understood that this teacher Was trying to suborn another teacher in the district to abduct my client and take her to Fizel's house The defendants in deposition six years after the event indicated we understood that She just wanted to quote hang out with the child Now respectfully after multiple no contact rules But what strikes me here is as I understand the record there's no evidence of further contact contact after the notice of deficiencies was issued in what's the summer or fall of 2014 and the discovery of the criminal acts in October What? 2015 so we have the you have to show with respect to the individual claims deliberate indifference and with respect to the title 9 Claim and inadequate response and it seems to me that that time lapse is is very significant and I would answer that a couple of ways your honor first in regard to the issue of deliberate indifference The only party who raised that and it was briefed on was dr. Mayo So there's no record evidence below as to the other defendants because they didn't raise that and a summary judgment motion the facts come in through the uncontested facts and the responses there to the same is true about the section 1983 argument made further Deliberate indifference is part of what you have to show to refute Defeat summary judgment. What are you saying? What I'm saying is you're on they didn't argue it or they they didn't present facts of They did not make that argument. They did not present facts for it and therefore We're responsible for responding to the claims that they challenged and they challenged actual notice the other thing I would argue How did they how did they justify summary judgment on the individual claims I mean it obviously ultimately qualified immunity, but you have to you have to defeat You have to have evidence Defeats deliberate indifference clearly in order to avoid qualified immunity And if that issue had been raised it would have been briefed by both parties It was not your honor simply that the sole ground that the district and the two individual defendants represented by that council Principal Curley and principal Summers solely raised the issue of Decided that issue on I would also indicate your honor. There is record evidence, which when viewed in the light favorable to Casey Would show that there was further contact because The representative identified another report which was made to dr. Mayo the superintendent of the school that is principal Mitchell Identified to dr. Mayo And the evidence is that she did it after the incident in regards to the attempt that's gone with Casey 13 sleepover she did it after that and she did it at a football game which would have been in the fall of that year 2013 and so principal Mitchell identified to him that violation of both a school rule that prohibited fraternization between teachers and students and Fiesel specific no contract restriction that Casey or Fiesel had been with Casey at a local amusement park down in Branson And so there's evidence of that the trial court held there wasn't evidence of when it occurred but actually when you look at the record and we've cited that and you You read that in favor of plaintiffs that was after the incident where she tried to abduct her and they gave her that second deficiency notice because she didn't know to report anything and that until that point because Principal Mitchell had not been read in to the issues with Fiesel and her constant obsessive behavior towards my client Casey So I would agree. I would argue one That's not an issue because they didn't raise it and it's not in the record on appeal and to there was evidence of it the third thing I would say your honor is That the fact eventually she realized she was going to get caught and had to be more surreptitious Doesn't do away with all the evidence they had up to 2013 if they had taken steps in 2013 when they knew she had attempted to kidnap this child and our evidence shows they knew she attempted to kidnap the child Specifically to have a sleepover with her at Fiesel's house at that time. They had Reasonable actual knowledge of a risk to Casey the specific child who this teacher had focused on repetitively They did have that if they take action at that point your honor the molestation and the abuse and the harassment that occurred from October 2013 all the way until October 2014 when she was finally arrested and then later convicted for that abuse would not have occurred So we have both causation and evidence It's not okay if I would respectfully argue, excuse me, you're the court You'll tell me what it is, but I would respectfully argue that the fact you have sufficient notice by 2013 doesn't then give you a free rein if she starts hiding it better after that point Is that response of your question your honor? Yes. Yes. Thank you. Thank you very much the issue with the Again going back to the attempt to abduct the child You've been told to have no contact with multiple times been warned about all that. I think that should be sufficient for the Notice, it's not that she's being molested or harassed It's simply that she's at risk of being it and I would say a teacher not only violating her multiple No contact rules, but also attempting to break state law and basically steal a child to her house Whatever the reason should be sufficient However, the factual dispute decided by the trial court has to do with whether they knew she was taking her for a sleepover none of the party or at least that on the Before the trial court or the district court or in this court have held that if they knew that It wasn't sufficient to meet the standard. There is evidence of that in a police record that principal Curley Identified that at the time He was aware that Fizel was attempting to abscond with Casey to have a sleepover That is also contained in an admission email that principal Curley wrote to the detective it is also contained in the sworn testimony under oath of Principal Curley who was cross-examined about both the email and the police report Admitted that's what it says. I told him if that's what I told him at the time Yes, that's accurate and it is consistent with the email, which is an admission Which is admissible under rule that I sent the detective Further the rule is we only have to show it could be admissible in some way we could call Detective Taylor to the stand to testify as to what mr. Curley had told we could use mr Curley's deposition the way the trial court was I would argue led into error on this was Defendants argued it was not admissible under rule 803 6 under pardon me no 803 8 which is the official records exception to hearsay They did so Citing two cases that deal with criminal law. There's a huge distinction there in that rule 803 a by its very text says the record is admissible except as by except Against the criminal defendant and the reason is is because of the confrontation clause and so in Criminal cases that may not be admissible But the rule the Advisory Committee notes and multiple cases all old Including cases from this court that comes in we cited Graham on federal evidence Which makes the point that the criminal even if it's the criminal defendant You can use it against the criminal defendant in a civil case and admission that's in a police report You just can't use it against them in the criminal case And so that was there you can also get it in under the business records exception We cited the GM case from this court So there's multiple ways that evidence is substantive evidence and could come into evidence but the trial court did not consider it and to this point no one has argued if they knew she was attempting to kidnap a young girl to have a sleepover at her house in Context with all of the other evidence they had that's not sufficient to show actual knowledge of a substantial risk and the other thing I would add to that your honors is all the cases deal with the context of The decision the cases that deal with text messages that have things like OMG You look good today or things like that in this case. There is additional evidence Which is in those cases they say without more you can't have enough just by the simple sending the text messages Here we had more we had admissions from the defendants that they had a school rule in place that Prohibited this and that there was a state criminal statute that prohibited this both of which were put in place They knew because it is a way Molesters groomed their intended victims and they knew they had to be very strict about that because of that risk So they had an a unnatural focus on a specific child For multiple years with notes text emails all those things in Context with the knowledge that in fact they needed to do something because that was noticed to them under their training and their own Personal knowledge of a risk of abuse to this specific child and I see my time is about run out I will reserve my last two minutes your honors Thank you Let's see, we have mr. Marriott, are you up first? I think you need to unmute I believe That would help thank you your honor good morning and may it please the court My name is Drew Marriott. I represent Appalese Marshfield our one school district Principals Jeff Curley and Doug Summers and Appalese are asking this court to affirm the trial court's grant of their motion for summary judgment This case comes down to two issues First whether the district court applied the correct standard under rule 56 as to the admissible material evidence our facts in the record and whether the district court applied the correct actual knowledge standards set forth by the United States Supreme Court and  Applied the correct standard under rule 56 as to the admissible material evidence such as clarity Cox versus sub pH versus Kansas City School District plant versus Mitchell School District Culver Stockton and Thomas Debs are in those cases require that there be actual notice of sexual abuse and Or sexual harassment. It can't be colloquial harassment as mr. Bauer Has included in the appellant's briefing and an argument today it has to be actual notice of sexual abuse or sexual harassment the standard that standard applies to both is it understood or is it accepted that the sexual harassment in this context is is similar to the title 7 action for harassment It's actually a little bit different your honor. The gaps report goes into a detailed analysis So the Supreme Court and gaps or goes into a detailed analysis of title 9 and its goals to impose Institutionalized. Yeah, I know that I just mean the deafened what what the what is it's the same severe and pervasive But it doesn't actually have to be abused In so I would say it's different in these cases your honor because it has to be an indication of sexual abuse or sexual harassment And that's what the courts on plan asking you for the definition of the difference Right What the fall short of abuse is actionable harassment Is it the same as the title 7? Hostile work environment case law and and I would say for a a staff on student harassment case under title 9 It would be a similar standard as title 7 But the case law the case law and clarity and Cox v. Sugg and all the other opinions Interpreting gaps are from this court show that it has to be notice of sexual abuse or sexual harassment and that standard applies both to the title 9 and section 1983 claims Against the individual school administrators The one thing I would say is the clarity for this court and clarity stated that deliberate indifference is a straightforward standard of fault and cannot be predicated by mere negligence and Application to the issues before this court But rule 56 requires admissible evidence and it must be material to the claims in the case one thing I want to address before I get into that in more detail is miss as appellant is Proper to new new argument this morning that we did not cite Deliberate indifference and in our motion for summary judgment, and I would point out that in appendix 0 4 0 1 0 4 0 2 and the application and appendix 0 4 0 4 0 4 0 5 4 0 6 4 0 8 We discussed deliberate indifference and we talked about the fact that the title 9 standard and citing the Gebser decision Damages remedy will not lie under title 9 unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient Recipients behalf has actual knowledge of discrimination in the recipients programs and fails to adequately respond That issue has been fully briefed and was fully addressed before the trial court if we go further appellant repeatedly failed to meet that standard under rule 56 and failed to cite to the record or Appropriate parts of the record and failed to marshal material evidence Appellant's position might carry more water If this were a constructive notice case or if this was a standard that is a should-have-known standard Or a negligence case, but this is not and the laws here under title 9 their requirements for the school districts and supervisory officials have they have to have actual notice of sexual abuse or Sexual harassment and then act deliberately indifferent to it the balance view of rule 56 is application is an effort to convert the actual knowledge standard into a constructive notice standard and that's in Contrast to get serious detailed warnings about interpreting these cases the gaps report As I said concluded that the purposes of title 9 permitted damages recovery against the school district for a teacher sexual harassment Sexual harassment based on principles of responding at superior to constructive notice without actual notice to the school district official And it's for these reasons we'd ask the court to affirm The district courts motion for summary judgment. One of the pieces that I would like to address next is appellants statement of the chronology and Appellant does not discuss the undisputed record that in 2012 2012 2013 school year that mom dropped Appellant off at Fizell's house to spend time while mom went to a neighboring town to go shopping No one does not discuss the fact that mom during the 2012 2013 school year took appellant over to ride bikes with the teacher That mom took the student to the classroom during the summer between the 2012 and 2013 school year To help the teacher with her classroom and that mom signed off on a form Unbeknownst to the school district to allow daughter to go to a University of Missouri softball game with the teacher That coupled with the the fact that the chronology as proffered by appellant doesn't discuss Does not provide a clear chronology It really this court needs to look at the chronology in the sense that what happened on October 13th 2014 what happened before it and what happened after and That the issue there is that the school district and the school officials involved did not receive actual notice of Actual notice of sexual abuse or sexual harassment until that day and on that day those school officials immediately contacted law enforcement they immediately hotline children's division and they immediately removed Fizell from the classroom and and she never returned and So all of those were actions taken at the point that they had actual notice of sexual harassment or sexual abuse Appellant has argued in their brief that would require nothing more than a admission from the the Appellant alone for this to be an actionable claim and that's not true because if we look at that October 13 2014 timeframe Appellant didn't come in and confess What happened his mother came in with text messages that she found on a secret phone that appellant kept secret from her mother in the School district and those contained information of sexual harassment Appellant had not confessed at that point, but the district acted on those text messages alone one of the things that I would like to address as well as is Appellant's arguments regarding the police report and one of the items that I would like to say about that is Is first if we look at the the standard for the trial court, it's an abuse of discretion standard on the admissibility of evidence In looking at the site from the trial court Plaintiff appellant did not cite any authority or rationale as to why the police report Was admissible in their opposition to defendants motion for summary judgment in the trial court pointed this out in Referencing that there were no attempts to resolve that what the trial court did was Look at the defendants appellees objections to the admissibility of that evidence Though this is an issue raised on appeal. I thought it was just a Criticism of the district courts analysis. That's a very important distinction It is it's it's I think in in large part the the linchpin of appellants criticism of the district courts analysis under rule 56 and that the court did not consider what What appellant is saying is admissible evidence? It's a statement of issues on appeal that drive our train Right understood your honor, but it's an abuse of discretion decision as to the admissibility and what I'm what what we're arguing is that defendant Appellant did not make an argument as to why those Hearsay statement should come in. They're very contrary to all of the police cases cited by appellant because all those police cases relate to the rule 803 Statement and an advisory note that says we're only going to accept those police statements if they contain Same-day observations of police officers. We don't have that here. We have we have four levels of hearsay the report itself we have the hearsay of the police officer taking the report from the Declarant and then we have the declarant who talks about a conversation that he had with another teacher a year prior And so what I would say is under that analysis, that's untrustworthy I am And so since it's untrustworthy That's another layer as to why the trial court did not commit plain error and not considering that information I am I'm noticing that I'm out of time and I will see the rest of my argument to co-counsel counsel for codefendant It's an honor to appear before the panel this morning, my name is Jessica Bernard and I represent dr Mayo Dr. Mayo is the former superintendent of the Marshfield School District. We along with mr Marriott are asking the bench in the court to affirm judge Phillips Grant of dismissal of the 1983 claims as they pertain to dr. Mayo. I Think it's most important to start out by looking clearly at what is the standard that is before the court dr Mayo along with mr. Summers and mr. Curley. They are all three entitled to qualified immunity They're entitled to qualified immunity and what the appellant is attempting to do What about the claim against the district who's arguing that? Mr. Marriott argued the claim against the district. I Thought he was for the other individual defendants curly and He represents the district as well as mr. Curley and mr. Summers All right All three of the individual defendants including my client dr. Mayo have qualified immunity that is significant because if you look at the Supreme Court analysis as is carried out in the Eighth Circuit under cops and clarity and other cases that provides the clear standard to hold these educators these public servants Legally responsible for another person's criminal act what appellant is trying to do is to impose supervisory Liability on dr Mayo as well as the other two defendants the standard for that is very high and the court Recognizes that it is not a constructive notice standard. It is not a negligent standard It is not a should have known or knew or should have known standard Those standards have been clearly rejected by the Eighth Circuit and they were rejected by the Supreme Court in Gebser as well Respectfully appellant is asking this court to abandon the actual notice standard and to be more clear The actual notice standard is not simply actual notice of anything. It has to be actual notice of a Constitutional violation because this is a 1983 claim based on of course a title 9 claim So what appellant is asking the court to do is to simply say well, they had actual notice of some stuff That's not sufficient to waive their qualified immunity the actual notice must be actual notice of sexual harassment or Sexual misconduct that's clearly outlined in all of the cases from the Eighth Circuit It's a it's a note that the appellant is unable to cite a single Eighth Circuit case What's your Counsel, what's your best case? That's qualified immunity case in this title 9 1983 context I think the Flaherty case is very supportive. I think all the Eighth Circuit cases are supportive I Didn't catch that word The audio isn't good enough I didn't understand this case you cited Case the 8th 2010 case as Well as the pH versus clarity. I don't see a clarity in your in your list of a full table of authorities It's dough versus clarity your honor Also the pH Versus the school district of Kansas City case, which is also an 8th Circuit 2001 case Really the entire line of 8th Circuit cases Clearly outlined that there must be actual notice of sexual abuse or sexual harassment And I think both my client and dr. Marriott's clients have clearly briefed that They are qualified immunity decisions, there's a connection obviously between Our clients have qualified immunity and the only way that is waived under 1983 is if the appellant can show actual notice of sexual harassment or sexual abuse and Deliberate indifference and it's our position that they don't even meet the actual notice standard Let alone even getting to the to the second prong of that which is deliberate indifference. They fail Excuse me, excuse me. How about a clearly established qualified immunity decision on the actual notice issue? You have that I Believe that the two cases that I cite are very supported the Cox v. Sugg decision is also supported It turns out it's a note not clearly established decision that's Most of our you know, we have very You you decide qualified immunity on either no violation or not clearly established and I'm I'm not familiar with how the clearly established doctrines been applied to these Title IX cases Which are a little different than the run-of-the-mill 1983 so I'm asking you if we and we decided based on not clearly established in this relatively unfamiliar area or less litigated area I Don't know that the court delineated in that respect Judge Loken, but I do think in the get service log of this to independence case as well as the other cases that I have cited all of those cases involve qualified immunity supervisory liability and 1983 claims alleged based on inappropriate staff-student relationships And I believe all of those cases are cited in both my brief as well as as mr. Marriott's brief on behalf of his clients. I Thank the panel for their time I see that my time to the last very good. Thank you May it please the court. I'll try to address this very quickly. I've got two minutes One we are not asking for vicarious liability for Feazell's conduct We are asking the court to do is hold the defendants liable and impose liability for their own conduct in their actual notice and taking Insufficient and in some circumstances no action to protect my client It is not a constructive Just with respect to Mayo Mayo You want direct supervisor liability County and Sacramento versus Brown and and what's your what's your evidence of? direct action as opposed to That would would be vicarious liability the direct and for him personally For him personally would be a all of the actual knowledge. He had leading including the attempted kidnapping for The child sleepover and I would advise your honor that I think mr. Marriott made a misstatement When he indicated we didn't raise that issue with the trial court if the court looks at app page 632 footnote for we specifically cited the police report was admissible as a business record as a government report and that his own Statements were admissible as an admission by a party opponent So we're we're using the actual notice standard that the Eighth Circuit and the Supreme Court has held is applicable and we're asking to hold mr. If you didn't present this as an issue Issue on appeal You can argue its evidentiary significance But don't don't argue about we had we have to reverse the district court because it made it abused its discretion You don't understand that issue on appeal counsel your honor I believe we did in regard to the issue of this being a rule 56 case I just read your statement of issues this morning. It's not there You could present as a separate issue the court made abused it made a reversible error by abusing its discretion by refusing to consider Now we can get into all the rules of evidence and everything else counsel want to talk about this morning That's not the way you've presented it in the briefs and that's not the way we're going to Decide you know consider it. Yes, sir. Your honor, and I'm afraid unfortunately my time is out You can If you got another point you wanted to make go ahead. Yes, sir. Very quickly. I did want to raise that we did put information and and and we did in both the lower court and here about the deliberate indifference beside of the fact that the The one who raised it. Dr. Mayo Continued to do the same thing over and over knowing it was not sufficient Putting her on both the honor system to stay away and self-report even though that hadn't worked multiple times And we cited several cases from this circuit in the Supreme Court talking about Not doing the same thing over and over inspecting different results The Supreme Court indicated is the definition of insanity and is lunacy if that doesn't fit with deliberate indifference I don't know. What is the other section is multiple times there reports that dr Mayo received information including the report from Principal Mitchell that he simply refused to document or take any steps for so when you do absolutely nothing after multiple Violations of the no contact rule that would also be indicative of deliberate indifference your honors Thank You Kate counsel the cases that Complicated it's been fairly brief nicely argued which is helpful. We'll take it under advisement